SAVILLA MORTON *v.* WM. DAUGHERTY'S EXR.

[Abstract Kentucky Law Reporter, Vol. 4—983, as Morton v. Dougherty.]

**Estoppel.**

One can not both claim under and against a will.

**Construction of Will.**

Where a testator is indebted to one in the sum of $300, and by his will demises $100 to such creditor as a legatee, the legacy can not be deemed a satisfaction of the debt, and the legatee may collect his legacy and also his debt.

APPEAL FROM FRANKLIN COURT OF COMMON PLEAS.

May 3, 1883.

OPINION BY JUDGE PRYOR:

The doctrine that one can not claim under and against a will is too well settled to admit of controversy, but we can not see how it is to be applied to the facts of this case, nor can the devise be construed as a satisfaction of the indebtedness to the plaintiff by the intestate. The note is for $300, and the devise to the appellant of $100 is for the care and attention given by the appellant to the devisor. The devise is one-third less than the debt claimed, and there is nothing inconsistent in her acceptance of a devise for $100 and then claiming the debt of $300 due by the note. There is nothing unreasonable in the testator's being willing to give the appellant something in addition to this debt, and particularly when the relation between the two is considered. II Roper on Legacies (2 Am. ed.) 1030, says "that where the legacy is of less amount than the debt, it shall not be deemed a part payment or satisfaction." Nor

do we find anything on the face of the will indicating a purpose to give the $100 in lieu of any debt, but that of gratitude for the kindness shown him by the appellant. The court below seems to have decided the case alone upon the ground that the legacy or special devise was a satisfaction of the note, and for this error the judgment is reversed. The relation of the parties might authorize the inference that no rent was to be paid or board charged; but as the case was decided alone on the legal question raised the judgment will be reversed, and an opportunity afforded the appellee to contest the right to a judgment on the note.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Ira Julian, for appellant.*

*John B. Lindsey, for appellee.*